IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RAY LITTLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| L & B PAPER, INC., EDWARD BORKOWSKI, | ) | Jury Demanded |
| JOHN BORKOWSKI, ADAM C. SMEDSTAD, | ) | |
| SCOPELITIS, GARVIN, LIGHT & HANSON, | ) | |
| and MIDWEST WAREHOUSE AND | ) | |
| DISTRIBUTION SYSTEM, INC., an Illinois | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DAMAGES, APPOINTMENT OF A RECEIVER, JUDICIAL
DISSOLUTION OF A CORPORATION**

Plaintiff, RAY LITTLE ("Little") through his attorneys, Novoselsky Law Offices, for

Little's complaint, alleges on personal knowledge as to himself and his own acts, and on

information and belief as to all other matters, based on, among other things, the investigation of

counsel, as follows:

1.      Plaintiff Ray Little ("Little") is a holder of fifty percent of all authorized and

issued common stock and at all times relevant hereto has been an owner of fifty percent of all

authorized and issued common stock and currently resides and is a citizen of the State of Florida.

2.      L & B Paper, Inc. is an Illinois corporation with its principal place of business in

Cook County, Illinois.

3.      Defendants, identified below, are officers and/or directors of L&B, and at all

times relevant hereto, held positions with L&B as indicated:

Edward Borkowski, Director and Secretary

John Borkowski, Director and Vice-President

4. Defendant Midwest Warehouse and Distribution System, Inc., is an Illinois corporation with it's principal place of business in Burr Ridge, Illinois.

5. Defendants ADAM C. SMEDSTAD is an individual whose resides in the State of Illinois.

6. SCOPELITIS, GARVIN, LIGHT & HANSON is an Illinois lawfirm.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

8. This Court has subject matter jurisdiction over the state law claims brought under to the common law of the State of Illinois pursuant to its supplementary or ancillary jurisdiction as well as through its diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) as Perkins is a citizen of and domiciled in Wisconsin and Defendants, are citizens of and domiciled in Illinois.

9. Venue is appropriate in this District as all Defendants are subject to personal jurisdiction in this district and as the events giving rise to Mr. Little's claims herein occurred in this District. (See 28 U.S.C. '1391.)

10. The majority of L&B's Board of Directors (John Borkowski and Ed Borkowsi) participated in or approved of many of the nonexempt acts under L&B's Articles of Incorporation, including the deliberative process that resulted in the Board of Directors approving or not taking any action with respect to L&B's practice of paying the attorney fees incurred by the individual directors in *Little et al. v. Borkowski et al.*, 03 L 011909;

2

a. The majority of L&B's Board of Directors participated in, were aware of, or approved the unlawful activities complained of, and therefore are not independent and disinterested;

b. The acts that are complained of herein constitute violations of fiduciary duties owed to L&B and its shareholders, and these acts are incapable of ratification;

c. L&B has been exposed to significant losses due to the diversion of corporate funds to pay the personal legal expenses of Edward Borkowski and John Borkowski;

d. During the State court proceedings, evidence was produced which showed that the Borkowskis used Midwest Warehouse and Distribution System, Inc. as a business to hold the proceeds of and cash of L&B Paper to avoid paying taxes; and

e. The Borkowskis used of L&B Paper and Midwest Warehouse to hid personel payroll and create a fictitious and illegal pension and profit sharing plan.

11. The Board of Directors of L & B Paper, Inc. consisted of Ray Little, Edward Borkowski, and John Borkowski.

12. Ray Little became a shareholder by purchasing fifty percent (50%) of the issued shares of L & B Paper, Inc.

13. Edward Borkowski became a shareholder by allegedly purchasing twenty-five percent (25%) of the issued shares of L & B Paper, Inc.

14. John Borkowski became a shareholder by allegedly purchasing the remaining

twenty-five percent (25%) of the issued shares of L & B Paper, Inc.

15. Without proper notice or any notice at all to Plaintiff Ray Little, in July of 2003 the Borkowski Defendants purported to hold a meeting of the Board of Directors, at which time they claim they "removed" or "terminated" the position previously held by Ray Little as the President.

16. On or about October 1, 2003, John Borkowski, claiming that he was authorized to act as Secretary of the corporation, gave Plaintiff Little notice of what purported to be a Special Meeting of the Board of Directors of L & B Paper, Inc. scheduled for October 8, 2003.

17. This notice was provided to Ray Little by mail without adequate and proper notice as required by Illinois law as to the matters to be set or resolved at the meeting.

18. On October 6, 2003, Plaintiff Ray Little and L & B Paper, Inc. filed a complaint at law for an accounting, injunctive relief, and appointment of a Receiver-Custodian in the Circuit Court of Cook County, No. 03 L 011909.

19. Little, a fifty percent shareholder of L&B Paper, has not received notice of a shareholder's meeting in over three years.

20. In the Law Division case, minutes were produced by Defendants pursuant to court order which showed that the Board of Directors (Edward Borkowski and John Borkowski) authorized the law firm of Fagel Haber LLC to represent the corporation.

21. These minutes purporting to be minutes of the Board of Directors meeting were provided by counsel for the Defendants Borkowski in the Law Division case.

22. Pursuant to a subpoena issued in the Law Division case, Plaintiff has discovered that the law firm of Fagel Haber LLC was apparently never retained to represent the corporation.

23. Further, in response to a subpoena issued to it for records, the law firm of Michael Best and Friedrich has received almost $90,000 from L & B Paper, Inc. to provide legal representation for the Borkowskis in their individual capacities.

24. Michael Best & Friedrich had withdrawn from the case, and the law firm of Scopelitis, Garvin, Light & Hanson has been substituted in on behalf of the Borkowskis in the Law Division case.

25. Midwest Warehouse and Distribution System, Inc., an Illinois domestic corporation in good standing whose registered agent is Edward Stanley Borkowski, 9601 Pacific Court, Burr Ridge, Illinois 60527.

26. Based on information and belief, Midwest Warehouse and Distribution System, Inc., is owned and controlled by the Borkowskis.

### CONSTRUCTIVE TRUST - MIDWEST WAREHOUSE AND DISTRIBUTION SYSTEMS, INC.

27. Plaintiff repeats and realleges paragraphs 1-26 above as paragraph 27 as if fully set forth herein.

28. Defendant Directors Edward Borkowski and John Borkowski are also officers of Midwest Warehouse and Distribution Systems, Inc.

29. In 2003, a "loan" was made to L&B Paper by Midwest.

30. The rate of interest charged to L&B Paper at that time was 27%.

31. On or about July 11, 2003, at a corporate meeting, Ray Little inquired into the loan with regard to the terms of the loan, length of the loan, interest rate, etc.

32. On July 28, 2003, via certified mail, L&B Paper purported to terminate Ray

Little's role as an officer to the corporation.

33.    Based on information and belief, the Borkowskis, who had locked out the Plaintiff, had exclusive control of the corporation since 2003, have, in conjunction with Defendant Midwest, diverted funds and profits of L&B Paper, used L&B's pension plan to further divert profits to the Borkowskis, and violated numerous state and federal laws regarding pension plans.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter an order proposing a constructive trust upon the assets of Midwest Warehouse and Distribution Systems, Inc. for an amount to be determined as having been diverted from L&B Paper, and for costs and attorneys' fees.

**COUNT III**
**CLAIM AGAINST ALL DEFENDANTS**
**EXCEPT MIDWEST WAREHOUSE AND DISTRIBUTION**
**SYSTEM, INC. FOR BREACH OF FIDUCIARY DUTY**

34.    Plaintiff incorporates by reference and alleges paragraphs 1-33 above as if fully set forth herein.

35.    The director and defendants are fiduciaries of L & B Paper, Inc. and of all of its shareholders and owe to them a duty to conduct business of the company loyally, faithfully, carefully, diligently, and prudently.

36.    At all times relevant hereto, the law firm, Michael Best & Friedrich, received monies from L & B Paper, Inc. to cover the legal defense and costs in representing the Borkowski Defendants.

37.    Michael Best & Friedrich knew or should have known that the corporation had

never authorized, and in fact could not authorize, payment of their legal fees by the corporation for their representation of Defendants Borkowski.

38. Defendant Scopelitis, Garvin, Light & Hanson knew or should have known that the corporation had never authorized, and in fact could not authorize, payment of their legal fees by the corporation for their representation of Defendants Borkowski.

39. The Director Defendants became aware, or should have become aware through reasonable inquiry and diligence, of the adverse effects alleged herein, but did nothing to correct them and thereby breached their duty of care, loyalty, accountability in disclosure to the shareholders of the corporation by failing to act as an ordinary prudent person would have acted in a like position.

40. The law firm of Michael Best & Friedrich knew or should have known through reasonable inquiry and diligence of the fact that the corporation had never been authorized to pay the legal fees of the Borkowskis using corporate assets. In fact, the law firm knew or should have known that the funds it was receiving for payment of legal fees were corporate assets which were being diverted to cover the personal legal expenses of the Borkowskis.

41. The law firm of Scopelitis, Garvin, Light & Hanson knew or should have known through reasonable inquiry and diligence, of the fact that the corporation had never authorized payment of the legal fees of the Borkowskis using corporate assets. In fact, the law firm knew or should have known that the funds it was receiving payment of legal fees were corporate assets which were being diverted to cover the personal legal expenses of the Borkowskis.

42. The Borkowski Defendants have been responsible for the gross mismanagement of L & B Paper, Inc. in connection with its assets and other financial matters. The Director

00030389.WPD; v. 1                                        7

Defendants abdicated their corporate responsibilities by:

a. Unlawfully holding Board of Directors meetings;

b. Filing false annual reports under oath with the Illinois Secretary of State's office listing Ray Little as President while maintaining in other litigation that Ray Little is no longer the President (a true and correct copy of the annual report is attached hereto as Exhibit"E");

c. Failing and refusing to file Secretary of State form BCA 1.5 to correct the annual report;

d. Concealing from the company's 50% shareholder the truth regarding the company's financial status and pension and profit sharing plans;

e. Subjecting L & B Paper, Inc. to adverse publicity, greatly increasing its cost to raise capital and diminishes its earning capacity;

f. Misusing or permitting the misuse of L & B Paper, Inc.'s assets in violation of Federal and State laws and corporate rules and policies to the personal profit of certain corporate insider fiduciaries; and

g. Using Midwest to divert and conceal profits and pension plans of L&B Paper to divert and conceal funds to avoid paying federal income taxes.

43. All the Defendants, singularly and in concert, engaged in the aforesaid conduct and the intentional breach and/or reckless disregard of their fiduciary duties to L & B Paper, Inc. and conspired to, and did, abuse the control vested in them by virtue of their high level positions in L & B Paper, Inc.

44. By reason of the foregoing, the Borkowskis have breached their fiduciary obligations to L & B Paper, Inc. and its shareholders.

45.     L & B Paper, Inc. and its shareholders have been injured by reason of the Director Defendants' intentional breach and/or reckless disregard of fiduciary duties to L & B Paper, Inc. Plaintiff Little, as the owner of fifty percent of the issued shares in the corporation, and as representative of L & B Paper, Inc., seeks damages and other relief for L & B Paper, Inc. as hereinafter set forth.

WHEREFORE, Plaintiff respectfully request this Honorable Court enter judgment in favor of Plaintiff and against Edward Borkowski and John Borkowski for an amount in excess of $50,000.00, for costs, and for attorney's fees.

**COUNT IV**
**DERIVATIVE CLAIMS AGAINST THE DIRECTOR DEFENDANTS**
**FOR WASTE OF CORPORATE ASSETS**

46.     Plaintiff incorporates by reference and alleges paragraphs 1-45 above as if fully set forth herein.

47.     The Director Defendants caused L & B Paper, Inc. to pay in excess of $90,000 to the Defendant law firm Michael Best & Friedrich, LLC without a vote of the disinterested directors of the corporation or notifying the shareholders that such a claim was being made and paid.  In addition Director Defendants caused L & B Paper, Inc. to pay an unknown amount to Scopelitis, Garvin, Light & Hanson for legal representation.

WHEREFORE, Plaintiff respectfully request this Honorable Court enter judgment in favor of Plaintiff and against Edward Borkowski and John Borkowski for an amount in excess of $50,000.00, for costs, and for attorney's fees.

## COUNT V
## APPOINTMENT OF A RECEIVER

48.     Plaintiff incorporates by reference and alleges paragraphs 1-48 above as if fully set forth herein.

49.     Defendants Borkowski have had complete and exclusive control of the books and records of the corporation and have failed and refused to provide accurate books and records to the Plaintiff.

50.     By breaching their fiduciary duty to Plaintiff Ray Little and the corporation, Defendants Borkowski have caused, directly or indirectly, substantial injury to the corporation and its shareholders by converting corporate assets for their own personal use or unauthorized use and failing to call an annual meeting of the shareholders.

WHEREFORE, Plaintiff respectfully request this Honorable Court appoint a Receiver to immediately take control of the assets of the corporation and ascertain the amount of all financial irregularities occurring within the past two years.

## COUNT VI
## JUDICIAL DISSOLUTION

51.     Plaintiff repeats and realleges paragraphs 1-50 above as paragraph 51 as if fully set forth herein.

52.     Plaintiff Little states that there has not been an annual meeting of the shareholders since 2003.

53.     As set forth above, the "2003" meeting was called unlawfully and was not authorized by the Business Corporation Act.

00030389.WPD; v. 1                                     10

54. Plaintiff Ray Little is a fifty percent shareholder of the corporation.

55. Pursuant to Section 12.56 of the Illinois Business Corporation Act (805 ILCS 5/12.56), the shareholders are deadlocked and at least two consecutive annual meeting dates have passed before an annual meeting being called by the directors.

56. The directors and those who control the corporation have acted, are acting, and will continue to act in a manner that is illegal, oppressive, or fraudulent with respect to the petitioning shareholder in his capacity both as a shareholder, director, and officer.

57. As set forth above, the corporation assets are also deemed misapplied or wasted in violation of the Illinois Business Corporation Act.

58. When the corporation was formed, the shareholders intended that Ray Little would be the president and fifty percent shareholder, with the Borkowskis being minority shareholders.

WHEREFORE, Plaintiff respectfully requests this Honorable Court appoint a receiver pursuant to Section 12.60(d) of the Business Corporation Act (805 ILCS 5/12.60(d)) and a) appoint a receiver to preserve the corporate assets and carry on the business of the corporation until a full hearing can be held, b) enter an order dissolving the corporation and order the receiver to wind up and liquidate the corporation's business and affairs in accordance with Section 12.30 of the Illinois Business Corporation Act, and c) award Plaintiff his costs and attorneys' fees for bringing this action.

## COUNT VIII
## LEGAL MALPRACTICE AGAINST
## SCOPELITIS, GARVIN, LIGHT & HANSON

59.     Plaintiff incorporates by reference and alleges paragraphs 1-59 above as if fully set forth herein.

60.     The Defendant law firm, Scopelitis, Garvin, Light & Hanson, received attorneys' fees incurred during the representation

61.     At all times relevant hereto, Scopelitis, Garvin, Light & Hanson knew, or through reasonably inquiry should have known, that the Director Defendants were diverting corporate assets to pay for their own legal defense.

62.     At all times relevant hereto, Scopelitis, Garvin, Light & Hanson knew, or through reasonably inquiry should have known, that L & B Paper, Inc. had never authorized, through its majority shareholders or disinterested Directors, to pay legal fees in representing Defendants Borkowski.

63.     If Scopelitis, Garvin, Light & Hanson was in fact representing L & B Paper, Inc., as it argued before the Court in the other Law Division case that it should be representing the corporation, then Scopelitis, Garvin, Light & Hanson was in a position to know that the only law firm allegedly authorized by the Board of Directors to provide representation to the corporation was Fagel Haber LLC.

64.     In furtherance of a conspiracy to divert corporate funds by the Defendants Borkowski, Scopelitis, Garvin, Light & Hanson accepted payment from the corporation for the legal fees of the Defendants Borkowski.

65.     Scopelitis, Garvin, Light & Hanson, if it was in fact acting as the attorney for the corporation, breached its professional and fiduciary duty to the corporation by failing to advise the corporation that it had not followed the legal requirements for the retention of outside counsel to represent Defendant Directors.

66.     As a direct and proximate cause of this breach of professional and fiduciary duty to the corporation, the corporation has been injured in its diminished ability to raise capital, retain adequate earnings, and dissipate corporate assets by the unauthorized payments to the law firm.

WHEREFORE, Plaintiff respectfully request this Honorable Court enter judgment in favor of Plaintiff Ray Little against the law firm of Scopelitis, Garvin, Light & Hanson, impose a constructive Trust upon the funds received, and order Scopelitis, Garvin, Light & Hanson to disgorge all legal fees received, and award Plaintiff' costs and attorneys' fees.

**COUNT IX**
**LEGAL MALPRACTICE**
**AGAINST ADAM C. SMEDSTAD**

67.     Plaintiff incorporates by reference and alleges paragraphs 1-66 above as if fully set forth herein.

68.     At all times relevant herein, Defendant Adam C. Smedstad was an attorney licensed to practice law in Illinois.

69.     Defendant Smedstad was the attorney who filed an appearance on behalf of L & B Paper, Inc.  by Michael Best & Friedrich.

70.     Defendant Smedstad left the firm of Michael Best & Friedrich and went to Scopelitis, Garvin, Light & Hanson and filed an appearance on behalf of L & B Paper, Inc. by

Scopelitis, Garvin, Light & Hanson.

WHEREFORE, Plaintiff respectfully request this Honorable Court enter judgment in favor of Plaintiff Ray Little and L & B Paper, Inc. against Adam C. Smedstad, impose a constructive Trust upon the funds received, and order Smedstad to disgorge all legal fees received, and award Plaintiff' costs and attorneys' fees.

**COUNT X**

**CONSPIRACY BETWEEN EDWARD BORKOWSKI, JOHN BORKOWSKI, ADAM C. SMEDSTAD, AND SCOPELITIS, GARVIN, LIGHT & HANSON AND AIDING AND ABETTING**

71. By using their positions as the sole custodians of the records of the corporation, Defendants Borkowski have been aided in their efforts to defraud L&B Paper of both attorneys' fees and profits by Defendants Smedstad, Scopelitis and Michael Best.

72. The Defendants' lawyers are aware that their role is a part of the overall tortious activity at the time they provided the services, including failing to advise the corporation to follow the formalities of the Business Corporation Act, allowing the corporation to unlawfully pay their attorneys' fees, attempting to interject themselves as attorneys for L&B Paper and substantially assisting the Borkowskis in violating the Business Corporation Act and misusing corporate funds and assets.

73. Defendants' lawyers are attorneys at law and held to a fiduciary obligation to the corporation, which includes Plaintiff Little, a fifty percent shareholder.

74. By unlawfully accepting attorneys' fees from the corporation to defend the Borkowskis in the derivative action, attempting to exonerate themselves from the aforesaid conduct by allegedly paying back amounts which they alleged they had received, without interest.

00030389.WPD; v. 1

14

75.     The Defendants knowingly and substantially assisted the principal violators by failing to advise the Borkowskis, as directors, of the requirements of the Business Corporation Act for the payment of attorneys' fees; failing to advise the corporation of the formalities to be followed pursuant to the Business Corporation Act to call meetings on an annual basis; failing to advise the corporation of its fiduciary obligation to its shareholders; failing to advise the 50% shareholder of the role of Midwest and L&B Paper in committing fraud.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in favor of Plaintiff and against Defendants, jointly and severally, in amount in excess of the jurisdictional requirements of this court, punitive damages, and costs and attorneys' fees for bringing this action.

Respectfully submitted,

/s/ David A. Novoselsky
One of Plaintiff's Attorneys

David A. Novoselsky #02069881
James J. Ayres #06186604
Brian A. Schroeder #06210954
Julie E. Fox #06229266
NOVOSELSKY LAW OFFICES
120 North LaSalle Street, Suite 1400
Chicago, Illinois  60602
(312) 346-8930